UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DIAMOND RESORTS HOLDINGS, LLC AND DIAMOND RESORTS CORPORATION D/B/A DIAMOND RESORTS INTERNATIONAL, <br><br> Plaintiffs, <br> v. <br><br> FLORIDA BEACHES DESTINATION CLUB, LLC d/b/a DIAMOND VACATIONS INTERNATIONAL, UPS & DOWN MARKETING, INC., VACATION LINK OF FLORIDA, INC., STEPHEN BRANDON BIZAR, and WILLIAM R. NEW, <br><br> Defendants. | Civil Action No.: 6:12-cv-00159-JA-GJK |

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on February 1, 2012, plaintiffs Diamond Resorts Holdings, LLC and Diamond Resorts Corporation d/b/a Diamond Resorts International (collectively "Plaintiffs"), filed a complaint (the "Complaint") against defendants Florida Beaches Destination Club, LLC d/b/a Diamond Vacations International ("Florida Beaches"), Ups & Down Marketing, Inc. ("UDM"), Vacation Link of Florida, Inc. ("VLF"), Stephen Brandon Bizar, and William R. New (collectively "Defendants"), asserting claims for trademark infringement, false designation of origin, false advertising, unfair competition, and other torts arising under various federal statutes and the common law of Florida; and

WHEREAS, the parties have consulted with their respective attorneys in connection with the execution of this Consent Final Judgment and Permanent Injunction, and have entered into a Settlement Agreement dated March 31, 2012, providing, *inter alia*, for the entry of this Consent Final Judgment and Permanent Injunction;

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED**, that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116(a) and 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c). Service was properly made against Defendants, and they do not contest service or jurisdiction.

2. Plaintiff Diamond Resorts Holdings, LLC, is a limited liability company organized under the laws of the State of Nevada, having its principal place of business at 3745 Las Vegas Blvd. South, Las Vegas, Nevada 89109.

3. Plaintiff Diamond Resorts Corporation is a corporation organized under the laws of the State of Maryland, having its principal place of business at 3745 Las Vegas Blvd. South, Las Vegas, Nevada 89109, and is a wholly owned subsidiary of Diamond Resorts Holdings, LLC.

4. Defendant Florida Beaches is a limited liability company organized and existing under the laws of the State of Florida, has its principal place of business at 644 S. Atlantic Ave, Ormond Beach, Florida 32176-7757, and is doing business as Diamond Vacations International.

5. Defendant UDM is a corporation organized and existing under the laws of the State of Alabama, is a managing member of Florida Beaches, and has its principal place of business at 168 Highway 54 W, Montgomery, Alabama 30214-4843.

6. Defendant VLF is a corporation organized under the laws of Florida, is a managing member of Florida Beaches, and has its principal place of business at 501 N. Wymore Road, Winter Park, Florida 32789.

7. Defendant William R. New is, *inter alia*, a manager of Florida Beaches and has an address of 168 Towne Lake Parkway, Woodstock, Georgia 30188-4843.

8. Defendant Stephen Brandon Bizar is, *inter alia*, a manager of Florida Beaches and a director of Vacation Link of Florida, Inc., and has an address of 501 N. Wymore Road, Winter Park, Florida 32789-2808.

9. Defendants UDM, VLF, Stephen Brandon Bizar and William R. New are hereby dismissed without prejudice from this action pursuant to Fed.R.Civ.P. 41(a).

10. Defendants do not dispute Plaintiffs use the trademark DIAMOND RESORTS INTERNATIONAL to refer to its products and services, and prominently display this trademark in their advertising and on their websites.

11. Defendants do not dispute Plaintiff Diamond Resorts Holdings, LLC is the owner of all rights in and to numerous federal trademark applications and registrations distinctive of its products and services, including without limitation, the following (the "DRI Marks"):

| Reg. No. | Mark | Date of Reg. | Date of First Use | Goods and Services |
|---|---|---|---|---|
| 2,411,329 | DIAMOND RESORTS INTERNATIONAL | December 5, 2000 | February 11, 1999 | IC 42: Hotel Services |
| 2,432,190 | DIAMOND RESORTS INTERNATIONAL | February 27, 2001 | February 11, 1999 | IC 36: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; Real estate time-sharing; Vacation real estate time share exchange services; Vacation real estate time-sharing. |
| 3,633,049 | | June 2, 2009 | October 1, 2007 | IC 36: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; Real estate time-sharing; Vacation real estate time share exchange services; Vacation real estate time-sharing.<br><br>IC 43: Hotel services; Hotel services for preferred customers; Hotels; Making hotel reservations for others; Providing temporary lodging services in the nature of a |

| | | | | |
|---|---|---|---|---|
| | | | | condominium hotel; Reservation of hotel rooms for travelers; Travel agency services, namely, making reservations and booking for temporary lodging. |
| 3,746,815 | DIAMOND RESORTS | February 9, 2010 | March 3, 2000 | IC 36: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; Real estate time-sharing; Vacation real estate time share exchange services; Vacation real estate time-sharing. |
| 3,784,735 | DIAMOND RESORTS INTERNATIONAL | February 9, 2010 | March 3, 2000 | IC 16: Brochures about travel, resorts and vacations; Magazines featuring travel, resorts and vacations; Magazines in the field of travel, resorts and vacations. |

| | | | | |
|---|---|---|---|---|
| 3,784,823 | | May 4, 2010 | October 1, 2007 | IC 36: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; Real estate time-sharing; Vacation real estate time share exchange services; Vacation real estate time-sharing.<br><br>IC 43: Hotel services; Hotel services for preferred customers; Hotels; Making hotel reservations for others; Providing temporary lodging services in the nature of a condominium hotel; Reservation of hotel rooms for travelers; Travel agency services, namely, making reservations and booking for temporary lodging. |
| 4,067,822 | DIAMOND LOYALTY | December 6, 2011 | Dec. 2009 | IC 36: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; Real estate time-sharing; Vacation real estate time share exchange services; Vacation real estate time- |

| | | | | |
|---|---|---|---|---|
| | | | | sharing.<br><br>IC 38: Providing Free Internet Access; Providing a dedicated web portal in the nature of providing access to interactive online chat room; providing dedicated reservation telephone lines for securing accommodations.<br><br>IC 43: Hotel services; Hotel services for preferred customers; Hotels; Making hotel reservations for others; Providing temporary lodging services in the nature of a condominium hotel; Reservation of hotel rooms for travelers; Travel agency services, namely, making reservations and booking for temporary lodging.<br><br>IC 45: Concierge services for others, comprising making requested personal arrangements and reservations and providing customer specific |

| | | | | information to meet individual needs rendered together in a hotel and resort, apartment timeshare environment, providing customized gift baskets including bathroom amenities. |
|---|---|---|---|---|
| | | | | |

12. Defendants do not dispute that all of the DRI Marks are currently being used by DRI in conjunction with the goods and services they identify and have never been abandoned.

13. Defendants do not dispute that the registrations for the DRI Marks are in full force and effect, and registration nos. 2,411,329 and 2,432,190 have become incontestable pursuant to 15 U.S.C. § 1065.

14. Defendants do not dispute that all of the DRI Marks are famous, inherently distinctive, and/or have acquired secondary meaning in the minds of consumers through their long and continuous use in connection with the goods and services they identify.

15. Defendant Florida Beaches admits that it used the marks DIAMOND VACATIONS and DIAMOND VACATIONS INTERNATIONAL in connection with, *inter alia*, advertising, offering and selling hospitality services such as hotel and condominium accommodations, complete vacation packages, and concierge services including, but not limited to, on publicly and prominently displayed signage. Florida Beaches now understands that such use is likely to be confusingly similar to the DRI Marks and Florida Beaches admits that the DRI Marks have priority of use over its use of the DIAMOND VACATIONS and DIAMOND VACATIONS INTERNATIONAL marks.

16. Defendant Florida Beaches' use of the DIAMOND VACATIONS and DIAMOND VACATIONS INTERNATIONAL marks has lead to instances of actual confusion by Plaintiffs' clients and/or potential clients.

17. Defendant Florida Beaches and its officers, agents, servants, employees, and all other persons in active concert or participation with any of them, are hereby permanently enjoined from:

A. Using, reproducing, advertising, or promoting the DIAMOND VACATIONS or DIAMOND VACATIONS INTERNATIONAL trademarks or any designation likely to cause confusion with the DRI Marks, in connection with the advertising, marketing, offer or sale of any goods or services, the use of any domain name, the rendering of any service or any commercial activity;

B. Using reproducing, advertising, or promoting any trademark, URL, design or copyright that is likely to cause confusion with , or a colorable imitation of, any of the DRI Marks;

C. Using, reproducing, advertising, or promoting any trademark or name that may be calculated to represent or that has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by, or in some way associated with Plaintiffs;

D. Injuring the commercial reputation, renown, or goodwill of Plaintiffs or any of the DRI Marks;

E. Using or reproducing any word, term, name, symbol, or device, or any combination thereof, which confuses or falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or which has the effect of confusing, falsely representing, or misleading, that the activities of Defendants or another are in some way connected with Plaintiffs, or are sponsored, approved, or licensed by Plaintiffs;

F. Engaging in the improper marketing tactics of making unsolicited calls to owners and/or guests of Plaintiffs' properties in their rooms at Plaintiffs' properties, and loitering and/or soliciting owners and/or guests of Plaintiffs' properties at or immediately adjacent to Plaintiffs' properties;

G. Applying to register, registering or maintaining any URL that contains the DRI Marks or any other mark or designation in violation with applicable law; and

H. Using any false representation or description of Plaintiffs or of their products, services, or activities, which would damage or injure Plaintiffs, or give Defendants an unfair competitive advantage in the marketplace in violation of applicable law.

18. Defendant Florida Beaches shall remove by April 15, 2012 any signage, including without limitation whether used on the Internet, interior or exterior of any structure, having designations that are likely to cause confusion with the DRI Marks including, but not limited to, all signs using the designation DIAMOND VACATIONS at the sales and service location within the Bellair Plaza at or near 2631 N. Atlantic Ave, Daytona Beach, Florida 32118.

19. Defendant Florida Beaches shall destroy all existing marketing materials or business paraphernalia including, but not limited to, posters, banners, brochures, business cards, letterhead, and other stationary within five (5) business days of the entry of judgment by the Court.

20. Defendant Florida Beaches shall assign the ownership and/or any rights to the domain name "diamondvacationsintl.com," and any other URLs employing the name "diamondvacationsintl," or any similar name owned by the Defendants or to which the Defendants claim any rights to Plaintiffs within five (5) business days of the entry of judgment by the Court.

21. This Court retains jurisdiction of this action for the purpose of enforcing the provisions of this Consent Final Judgment and Permanent Injunction by way of contempt or otherwise. The parties hereby expressly consent to the continuing jurisdiction, personal and subject matter, of and by this Court for all matters pertaining to this civil action.

22. Defendants waive appeal of this Consent Final Judgment and Permanent Injunction.

23. This document shall be deemed served upon Defendants at the time of its execution by the Court. Upon its receipt, counsel for Plaintiffs shall provide a copy of this document to counsel for Defendants via email.

24. Each party to this Consent Final Judgment and Permanent Injunction shall bear its own costs and attorneys' fees incurred in connection with this action.

25. This document is a Final Judgment under Fed. R. Civ. P. 54(b) and the Court, having determined that there is no just reason for delay, directs the Clerk to enter Final Judgment, and to thereafter close this file.

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, New Jersey 07090
*Attorneys for Plaintiffs Diamond Resorts Holdings, LLC and Diamond Resorts Corporation d/b/a Diamond Resorts International*

Dated: April 16, 2012
       Westfield, New Jersey

By:   s/ Gregg A. Paradise
      Gregg A. Paradise
      Phone:  908.654.5000
      E-mails: gparadise@ldlkm.com
               litigation@ldlkm.com

Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia

*Attorneys for Defendants Florida Beaches Destination Club, LLC, Ups & Down Marketing, Inc., Vacation Link of Florida, Inc., Stephen Brandon Bizar, and William R. New*

Dated: April 16, 2012
       Atlanta, Georgia

By:   s/ Anthony T. Polvino
      Anthony T. Polvino
      Phone:  770.434.6868
      E-mail:  apolvino@taylorenglish.com

**SO ORDERED:**

Dated: 6/14/12
       Orlando, Florida

JOHN ANTOON
United States District Judge

12